**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5127**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

KELZIN SQUIREWELL,

             Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.   Margaret B. Seymour, District
Judge.  (0:07-cr-00664-MBS-1)

Submitted:  September 30, 2009        Decided:  October 13, 2009

Before WILKINSON  and  GREGORY,  Circuit  Judges,  and  HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan  M.  Milling,  MILLING  LAW  FIRM,  LLC,  Columbia,  South
Carolina,  for  Appellant.   W.  Walter  Wilkins,  United  States
Attorney,  Robert  C.  Jendron,  Jr.,  Assistant  United  States
Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelzin Squirewell appeals his jury convictions and resulting 180-month sentence for possession a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) ("Count Two"); possession with intent to distribute five grams or more of crack cocaine, a quantity of cocaine, and marijuana, in violation of 21 U.S.C. § 841 (2006) ("Count Three"); and possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006) ("Count Four"). Finding no reversible error, we affirm.

Squirewell first argues that the evidence was insufficient to sustain his convictions on the firearms counts – Counts Two and Four. "In reviewing the sufficiency of the evidence following a conviction, this court views 'the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government.'" United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (quoting United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996)). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (internal quotations and citation omitted). Rather, a verdict will be sustained if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Lomax, 293 F.3d at

705 (quoting United States v. Meyers, 280 F.3d 407, 415 (4th Cir. 2002)).

In support of his first argument, Squirewell maintains that the evidence was insufficient to establish his constructive possession of the firearm found under the rear passenger seat of his Ford Expedition. "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item," United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980), and has knowledge of the item's presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992), overruled on other grounds, Burgos, 94 F.3d at 862. "Knowledge may be inferred from possession, that is, dominion and control over the area where the contraband is found." United States v. Lochan, 674 F.2d 960, 966 (1st Cir. 1982).

The evidence, viewed in the light most favorable to the Government, was sufficient to establish Squirewell's constructive possession of the firearm. Squirewell, who was a co-owner of the vehicle, had access to the vehicle and retrieved the electronic door opener when officers asked to search the vehicle. Rather than open the driver's door, Squirewell went immediately to the passenger door on the driver's side and announced that there was a gun in the vehicle. From Squirewell's vantage point, the firearm was not visible as the gun could only be seen if an observer bent over and looked under

3

the seat. These circumstances adequately established Squirewell's knowledge of the firearm. Moreover, Squirewell admitted that he had purchased drugs found in a cigar box next to the firearm sometime during the early morning hours of February 8, 2008. The jury could infer from this fact that Squirewell had placed both the drugs and the gun under the seat or, at the least, that Squirewell was aware of the firearm when he hid the drugs in the same location. Accordingly, the evidence was sufficient to sustain Squirewell's conviction on Count Two.

Squirewell also argues that the evidence was insufficient to sustain his conviction on Count Four. To establish a violation of § 924(c), the Government must prove that the firearm "furthered, advanced or helped forward a drug trafficking crime." Lomax, 293 F.3d at 705. Factors that might lead a reasonable trier of fact to conclude that the requisite nexus existed between the firearm and the drug offense include: (1) the type of drug activity that is being conducted; (2) accessibility of the firearm; (3) the type of weapon; (4) whether the gun is loaded; (5) proximity to drugs or drug profits; and (6) the time and circumstances under which the gun is found. Id.

Here, the evidence was sufficient to sustain Squirewell's § 924(c) conviction. The Government presented

4

evidence that Squirewell constructively possessed the firearm. The types and amounts of the various drugs found in the cigar box in Squirewell's vehicle indicated that Squirewell was a dealer, and Squirewell admitted that the cocaine in the cigar box was what remained after selling approximately two ounces. The gun was discovered on the same day that Squirewell admitted to purchasing four ounces of cocaine and selling two of those ounces, and the gun was in such close proximity to the cigar box that it was touching the box. This evidence was sufficient for a rational fact finder to have found the essential elements of § 924(c) beyond a reasonable doubt.

Finally, Squirewell argues that the district court erred in imposing a consecutive five-year mandatory minimum sentence based on his conviction on Count Four. We review for plain error because Squirewell failed to object below. United States v. Olano, 507 U.S. 725, 732 (1993). Plain error requires a finding that: (1) there was error; (2) the error was "plain;" and (3) the error affected his substantial rights. Id. If the three elements of this standard are met, this court may still exercise its discretion to notice the error only "if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id.

Section 924(c)(1)(A), in relevant part, provides for a mandatory minimum sentencing schedule, "[e]xcept to the extent

5

that a greater minimum sentence is otherwise provided by this subsection or any other provision of law . . ." In light of this clause, Squirewell argues that the district court erred in imposing the five-year sentence because he was already subject to a ten-year mandatory minimum sentence due to his conviction on Count Three and a prior drug distribution conviction. Squirewell concedes, however, that the argument he advances was rejected by this court in United States v. Studifin, 240 F.3d 415 (4th Cir. 2001). Accordingly, the district court did not err in imposing a five-year consecutive sentence.

We therefore affirm Squirewell's convictions and sentence. We dispense with oral argument as the facts and contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED